(January 15, 1902.)

## HOEHNAN v. NEW YORK DRYGOODS COMPANY.
### [67 Pac. 798.]

DEMURRER—COMPLAINT—SUFFICIENT CERTAINTY.—A complaint which
alleges that the plaintiff was struck on the head by a team and
wagon which was driven against her, the same being on the pub-
lic street of a city, and being at the time driven in a fast and
furious manner, contrary to a public ordinance of such city for-
bidding fast driving, and that by such blow plaintiff was knocked
violently to the ground, inflicting great physical injuries, severely
wounding and bruising the plaintiff and causing the plaintiff to
suffer great and grievous mental and physical pain, and perma-
nently injuring the plaintiff to her damage in the sum of $2,500,
is good against a special demurrer on the ground that the com-
plaint does not definitely state the injuries received by the plain-
tiff.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Hawley & Puckett and W. T. Reeves, for Appellant.

We claim, as our second ground of error relied upon, error
in refusing a new trial upon the ground of insufficiency of
evidence. As our first point made in this contention, we urge
that the injury sustained by the plaintiff, Johanna Hoehnan,
was not due to the negligence of defendants' servants, but was
due and brought about by the negligence and carelessness of
plaintiff herself. She certainly was guilty of contributory
negligence, if not altogether to blame for the accident. The
accident was occasioned by the defendant's agent endeavoring
to avoid a collision with another wagon. He was in a posi-
tion where he had to act quickly in order to avoid threatened
danger, and no matter how he moved damage might occur.
A choice of evils may often be all that is left to a man, and he
is not to blame if he chooses one; nor even if he choose the
greater, if he is in circumstances of difficulty and danger at
the time and has been compelled to decide hurriedly. (Whit-
tiker's Smith on Contributory Negligence, 391; Gumz v. C. R.

*R. Co.,* 52 'Wis. 672, 10 N. W. 11; *Siegrist v. Arnot,* 10 Mo. App. 197; *Wilson v. N. P. Ry. Co.,* 26 Minn. 273, 37 Am. Rep. 410; *Cuyler v. Dicker,* 20 Hun (N. Y.), 177; *Cincinnati etc. R. R. v. Butler,* 103 Ind. 31, 2 N. E. 138.)

Terrell & Guheen, for Respondents.

It is not necessary in actions of this kind that the complaint should undertake to give a special catalogue of the plaintiff's injuries. (5 Ency. of Pl. & Pr. 746; *Gulf Ry. Co. v. Mc-Mannewitz,* 70 Tex. 73, 8 S. W. 67.) Nor do the rules of pleading require that every effect or result following the infliction of a particular injury shall be set forth in the complaint in order to recover therefor, since such a course would, in effect, require the pleading of the entire evidence. (5 Ency. of Pl. & Pr. 747; *Yeager v. City of Bluefield,* 40 W. Va. 484, 21 S. E. 752; *Chicago Ry. Co. v. Sullivan,* 125 Ill. 458, 17 N. E. 462; *Babcock v. St. Paul Ry. Co.,* 36 Minn. 147, 30 N. W. 449.) Counsel for appellant certainly knows that if the criticisms indulged in on pages 6 and 7 of their brief were justified at all they were the grounds for special demurrer. (Idaho Rev. Stats., sec. 4174, subsec. 7, sec. 4175.) "Defects in pleadings which make them uncertain are special grounds for demurrer under our code, which cannot be taken advantage of on general demurrer." (*Palmer v. Utah etc. Ry. Co.,* 2 Idaho, 315, 13 Pac. 425; *Broadbent v. Brumback,* 2 Idaho, 366, 16 Pac. 555; *Jacobson v. Bunker Hill Min. Co.,* 3 Idaho, 126, 28 Pac. 396; *Aulbach v. Dahler,* 4 Idaho, 654, 43 Pac. 322; *Orman v. Manix,* 17 Colo. 564, 31 Am. St. Rep. 340. 30 Pac. 1037.)

QUARLES, C. J.—This is an appeal from the judgment upon the judgment-roll. The only question before us for decision is the sufficiency of the complaint. After alleging the domestic relations of plaintiffs and the business relations of the defendants, the complaint alleges as follows: "3. That on or about the second day of November, 1900, the said defendants had in their employ in the conduct of said business in delivering goods with said team and wagon, as the agent and servant of defendants, one Frank Bushey; and on or about said

date the plaintiff Johanna Hoehnan, using ordinary care and diligence, was crossing, or intending to cross, Cleveland avenue, on the south side of Center street, at the intersection of said Cleveland avenue and Center street. That, when she had advanced about four feet upon the crossing established and maintained for pedestrians, she noticed a wagon and team which seemed to be approaching such crossing, and at such a pace as to render her crossing in front of it unsafe, and she halted to avoid such danger; and at such time, as the plaintiffs are informed and believe, the said Frank Bushey in charge of the defendant's team and wagon, and in the conduct of its business, approached said crossing at the intersection of Cleveland avenue and Center street, driving along Cleveland avenue in a southerly direction, at a fast, furious, and unlawful rate of speed, and, as the plaintiffs are informed and believe, without looking to see where he was driving, but looking in some other direction, nearly colliding with a wagon which was at the same time going along Center street; and still driving at such fast, furious, and unlawful rate of speed, when no necessity existed therefor, he, the said Bushey, carelessly, negligently, wantonly, and without any regard for the safety of pedestrians, negligently drove, allowed, and suffered said team and wagon to then and there run against, upon, and over the said plaintiff Johanna Hoehnan, striking her a severe blow upon the head, knocking her violently to the ground, and inflicting great physical injuries, and severely wounding and bruising the said plaintiff, causing said plaintiff to suffer great physical pain and great and grievous mental pain and suffering, by reason of said injuries as aforesaid, all of which injuries, as plaintiff is informed and believes, are permanent in character, and said plaintiff is injured for life. 4. That the said plaintiff Johanna Hoehnan halted at a point upon said crossing on the southerly side of Center street a short distance from the sidewalk on the easterly side of Cleveland avenue, and was using ordinary care and diligence in looking for approaching teams, and did not, and could not by the use of any diligence, see the approach of the defendant's team, nor anticipate the fast, furious, and unlawful rate of speed that it would

be driven over said crossing. 5. That the plaintiffs are informed and believe, and upon such information and belief allege, that the said Bushey, in the conduct of the business of his principal, the defendants, and prior to the acts herein complained of, was accustomed and in the habit of driving at such fast, furious, and unlawful rate of speed through the streets of the city of Pocatello, Idaho, and over the crossings of said streets, all of which the defendants well knew, or by the use of reasonable diligence could have known and prevented. 6. That at the time of the injury of said plaintiff as aforesaid there existed, in full force and effect, an ordinance of the city of Pocatello (being Ordinance No. 27, passed and approved May 4, 1891, by the town of Pocatello, and afterward by virtue of law becoming an ordinance of said city of Pocatello, by reason of the change from a town to a city of the second class), which ordinance forbids and declares against fast or furious driving upon or over any of the streets or alleys of the said city of Pocatello, fixing punishments therefor, which said ordinance is in full force and effect; and the act and conduct of said Bushey, as the agent and servant of said defendants, in the conduct of their business, was in direct violation of said ordinance, and was reckless, wanton, negligent, and dangerous. 7. That by reason of the negligence, carelessness, and wantonness of the defendants aforesaid, the plaintiff Johanna Hoehnan was severely injured as aforesaid, and by reason of such injuries suffered and continues to suffer great physical pain, and great and grievous mental pain and anguish, and suffers from pains in the head, dizziness, mental aberrations, nervous prostration, and general debility, to the damage of plaintiffs in the sum of $2,500."

The appellants demurred to said complaint upon the following grounds, to wit: "1. That the complaint fails to state facts sufficient to constitute a cause of action; 2. That the said complaint is indefinite in this: It fails to state the particulars in which the said Johanna Hoehnan was injured, other than a stroke on the head, for which she claims to have suffered and claims damages." The trial court properly overruled said demurrer on both grounds. The complaint did state a cause

of action. It set forth with sufficient certainty reckless acts in violation of the municipal ordinances of the city by the agent of appellants, under circumstances that made them responsible for injuries resulting from such acts, when sustained without the fault of the injured party. The second ground of demurrer was properly overruled. The complaint was sufficiently certain to show the nature of the injuries received, and the manner in which the same were received. It shows with certainty that the blow on the head of the plaintiff, which she received by the wagon or team of appellants being driven against her on the public streets of Pocatello, injured and damaged her in some amount not exceeding $2,500.

The complaint supports the verdict, and, no error appearing in the record, the judgment is affirmed, with costs to respondents.

Sullivan and Stockslager, JJ., concur.